UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH COTTER, ADMINISTRATOR of the PAINTERS AND ALLIED TRADES DISTRICT COUNCIL No. 35 TRUST FUNDS,<br><br>    Plaintiff,<br><br>v.<br><br>NEW ENGLAND FIBERGLASS WINDOWS, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   **C.A. No.**<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, brought on behalf of Deborah Cotter, Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds (the "Funds" or "Plaintiff") for damages arising from unpaid and delinquent benefit contributions.

2. This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. Plaintiff, Deborah Cotter, is the Administrator of the Plaintiff Funds and is a "fiduciary" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. Defendant New England Fiberglass Windows, LLC ("NE Fiberglass") is a Massachusetts limited liability company with a principal place of business at 60 Pinehurst Drive, Boxford, Massachusetts.

5. Defendant NE Fiberglass is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

6. Painters and Allied Trades District Council No. 35 ("District Council 35" or "the Union") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

## FACTS

7. At all relevant times, Defendant NE Fiberglass was obligated by the terms of the collective bargaining agreement ("CBA") between the Union and the Painters and Finishing Employees Association of New England, Inc. and Glass Employers of New England, Inc., and by the terms of the Funds' Trust Agreements ("Trust Agreements") to make contributions to the Plaintiff Funds for certain employees covered by the CBA. A true and accurate copy of the relevant pages of the CBA and Trust Agreements are attached hereto as Exhibits A, B and C.

8. The CBA is a contract within the meaning of § 301 of the LMRA and within the meaning of 29 U.S.C. § 185(a).

9. Under the terms of the CBA and Trust Agreements, Defendant NE Fiberglass was obligated to pay monthly contributions to the Funds on behalf of certain employees based on the employees' hours of service.

10. ERISA § 209, 29 U.S.C. § 1059(a) requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."

11. At all material times, Defendant NE Fiberglass was obligated to allow the Plaintiff to conduct an examination of Defendant's payroll and wage records pursuant the CBA and Trust Agreements.

12. Article III, Section 3.1 of the Trust Agreements entitled "Contributions to the Fund" state, in part:

> Each Individual Employer shall contribute to the Fund in accordance with the terms of the applicable collective bargaining agreement provided that said

collective bargaining agreement contains provisions with respect to contributions to the Fund that are acceptable to the Trustees.

13. Article III, Section 3.2 of the Trust Agreements entitled "Contributions to the Fund" states, in part:

> The Employer shall make all reports on contributions required by the Trustees on forms furnished by the Trustees. The Trustees, or their authorized representatives, upon reasonable notice, may examine the pertinent payroll records of any Employer, including but not limited to, all quarterly and yearly payroll tax returns, payroll listings, cash disbursements, time reports, individual earnings records and checks, whenever such examination is deemed necessary by the Trustees, or their authorized representative, in connection with the proper administration of the Trust Fund. The expense of such audit of an Employer's records shall be borne by the Trust Fund, unless the results of such audit disclose that the Employer has been delinquent in contributions to the Trust Fund, in which event the expense of audit, may, under rules and regulations adopted by the Trustees, be charged against the Employer.

14. Article IX, Section 8 of the CBA entitled "Employer Audits" states, in part:

> It is agreed that any and all records necessary to establish accurately the correct hours upon which contributions should be based shall be made available to an auditor appointed by the Trustees. All Employers are subject to periodic audits.

15. Article IX, Section 9 of the CBA entitled "Audit Discrepancies" states:

> Any Employer will be notified of any discrepancies revealed during the audit of its books and records. If an Employer has not made the required payment or submitted documentation to clarify discrepancies to the Fund Office within ten (10) Days after receipt of the audit billing, Section 3 of this Agreement will be enforced. An Employer will be responsible for the audit fee when billed charges exceed one thousand dollars ($1,000.00) or all records indicated in Section 8 are not made available to the auditor on the scheduled audit date.

16. Article IX, Section 3, Paragraph 3-1 of the CBA entitled "Failure to Pay" states:

> Contributions shall be considered delinquent if not received by the 26th day of the month following the month the work was performed or for weekly submittals, the Wednesday of the week following the week in which the work is performed. Interest charged at the rate of 1 1/2% per month or prorated at that rate for weekly submittals will be assessed for any delinquent contributions which are not paid in violation of this Agreement.

17. Article IX, Section 3, Paragraph 3-2 of the CBA entitled "Failure to Pay" states:

> In the event an Employer is delinquent or fails to abide by Article IX, Section 1, 2 and/or 8, said case will be reviewed by the Fund's Trustees and the following delinquency procedure will be enforced.
>
> (C.) … Referral of the Delinquent Employer by The Trustees or Joint Trade Board to Legal Counsel to Bring Action on Behalf of The Plan Pursuant to Section 502(G)(2) and 515 Of ERISA to Enforce the Employer's Obligation.
>
> (D.) In any action in which a decision or judgment is awarded in favor of the Funds, the Employer shall pay to the Funds, in accordance with the court's award or other decision:
>     i. The unpaid contributions, plus
>     ii. Interest on the unpaid contributions, determined at the rate of 1 ½ % each month, plus
>     iii. Liquidated damages equal to the greater of
>         (a.) The amount of interest charges on the unpaid contributions, or
>         (b.) 20% (higher percentage, if permitted by Federal or State Law) of the unpaid contribution fee, plus
>     iv. Reasonable attorney's fees and cost of the action, and
>     v. Such other legal or equitable relief as the court deems appropriate

18. Article XIX, Section 5 of the CBA provides that the New England Painting, Finishing and Glazing DC 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the CBA and grievances and complaints against members of either party to the CBA or independent signatory employers for all alleged violation of the CBA.

19. According to Article XIX, Section 11 of the CBA, all decisions, findings and assessments of liquidated damages by the Joint Trade Board are binding on the signatory employers, such as Defendant NE Fiberglass.

20. On April 3, 2025 the Joint Trade Board held a hearing on charges against Defendant NE Fiberglass for violation of Article IX, Section 3, of the CBA for failure to pay contributions from August 2024 through December 2024.

21. On April 15, 2025 the Joint Trade Board issued an Award finding NE Fiberglass

4

owes the amount of $23,884.31 for the delinquent contributions. The Joint Trade Board also assessed an administrative fee of $500.00. (The Award Letter is attached hereto as Exhibit D).

22. On or about May 7, 2025 the Funds' auditor, Novak Francella ("Auditor"), conducted an audit of Defendant NE Fiberglass' books and records for the period of June 1, 2022 through April 30, 2025 (the "Audit").

23. The purpose of the Audit is to ensure that Defendant NE Fiberglass has accurately recorded and paid contributions in compliance with the terms of the aforementioned CBA, the Trust Agreement, and ERISA § 515, 29 U.S.C. § 1145.

24. Upon completion of the Audit, the Auditor identified discrepancies for the period of June 1, 2022 through April 30, 2025. The discrepancies showed $75,878.75 owed for contributions, $9,434.56 owed in interest, and $1,914.00 owed for audit fees, for a total of $87,227.31 due to Plaintiff Funds.

25. On June 20, 2025, the Funds sent a letter to Defendant detailing the Audit findings and requesting payment of $87,227.31 be made within ten (10) days, as required by the CBA. (The letter is attached hereto as Exhibit E).

26. The Audit review period included the amounts assessed by the Joint Trade Board's April 15, 2025 award. However, the $500.00 Joint Trade Board administrative fee remains outstanding.

27. As of today's date, Plaintiff Funds has received no payment from Defendant for the unpaid contributions, interest and fees due pursuant to the Audit or the $500.00 Joint Trade Board administrative fee, nor any confirmation that payment will be made.

## COUNT I – FAILURE TO PAY CONTRIBUTIONS

28. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through twenty-seven (27) above.

29. Defendant NE Fiberglass has failed to remit any payment for unpaid contributions, interest and fees due pursuant to the Audit.

30. The failure of Defendant NE Fiberglass to make payment for all hours worked by covered employees is a violation of ERISA § 515, the CBA and the Funds' Trust Agreements.

## COUNT II – VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

31. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through thirty (30) above.

32. The CBA is a contract within the meaning of § 301 of the LMRA.

33. The failure of Defendant NE Fiberglass to pay the required administrative fee pursuant to the Joint Trade Board award is a violation of the terms of the CBA.

**WHEREFORE**, Plaintiff demands that judgment enter against Defendant New England Fiberglass Windows, LLC, in accordance with § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the CBA and Trust Agreements:

1. Awarding the Plaintiff Funds the following amounts:

    a. Unpaid contributions and interest in the total amount of $87,227.31 pursuant to the Audit;
    b. The $500.00 administrative fee due pursuant to the Joint Trade Board Award;
    b. Interest on the above outstanding contributions;
    c. Liquidated damages pursuant to the Collective Bargaining Agreement;
    d. All costs and reasonable attorney's fees incurred by the Plaintiff Funds in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: November 18, 2025                                      Respectfully submitted,

                                                              /s/ Sara P. Sullivan
                                                              Sara P. Sullivan, Esq.
                                                              BBO # 713700
                                                              sps@fdb-law.com
                                                              Melissa A. Brennan, Esq.
                                                              BBO # 669489
                                                              mab@fdb-law.com
                                                              Feinberg, Dumont & Brennan
                                                              177 Milk Street, Suite 300
                                                              Boston, MA 02109
                                                              Tel.: (617) 338-1976

## CERTIFICATE OF SERVICE

I, Sara P. Sullivan, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated: November 18, 2025                                      /s/ Sara P. Sullivan
                                                              Sara P. Sullivan, Esq.