COPY

## T R U S T   A G R E E M E N T

## P A I N T E R S   D I S T R I C T   C O U N C I L   N O .   3 5

## P E N S I O N   F U N D

This Agreement and Declaration of Trust made and entered into this 6th day of October, 1958 and amended as of September 1, 1987 and between the Painting and Decorating Contractors of Eastern Massachusetts, Inc. hereinafter referred to as the "Association", and the Painters District Council No. 35 of the International Brotherhood of Painters and Allied Trades, AFL-CIO hereinafter referred to as the "Union".

### W I T N E S S E T H

Whereas, the Union and the Association have entered into a collective bargaining agreement providing for periodic contributions by the Employers to a Fund for the purpose of providing pension benefits for employees covered by said collective bargaining agreements; and

Whereas, the Union and other Employers engaged in or servicing the Building and Construction Industry have or hereafter will have collective bargaining agreements providing for similar periodic contributions to a Fund for the purpose of providing pension benefits for employees covered by said collective bargaining agreements; and

Whereas, to accomplish the aforesaid purpose, it is desired to establish a pension fund as a trust fund for

receiving contributions and providing benefits for eligible
employees; and

Whereas, it is desired to set forth the terms and
conditions under which the said fund is to be established and
administered; and

Whereas, this trust is being created and the pension plan
implemented, each of which shall at all times conform to the
applicable requirements of the Labor-Management Relations Act
of 1947, as amended the Employee Retirement Income Security Act
of 1974 and be qualified pursuant to the applicable provisions
of the Internal Revenue Code, as amended for all available
exemptions and immunities;

Now, Therefore, in consideration of the foregoing, and of
the mutual promises hereinafter provided the parties agree as
follows:

## ARTICLE I

### DEFINITIONS

Section 1.1  The term "Collective Bargaining Agreement"
means any collective bargaining agreement, participation
agreement or other written agreement between one or more of the
Unions and any individual employer or employer association
which provides for the making of employer contributions to this
Fund.

Section 1.2  The term "Individual Employer" means any
individual employer (including any individual, partnership,
corporation, contractor, joint venture, or other entity) who is
required by any of the collective bargaining agreements to make
contributions to this Fund or who in fact makes one or more

contributions to the Fund.  The term "Individual Employer" shall also include any Local Union, Painters District Council No. 35, or Employee Benefit Plan which makes contributions to the Fund on behalf of its employees; provided the inclusion of said Local Unions, District Council, or Employee Benefit Plans as individual employers is not a violation of any existing law or regulation.

Section 1.3  The term "Employee" as used herein shall mean:

(a)  Any employee of an individual employer with respect to whose employment the employer is required to make contributions into the Fund; and

(b)  Subject to the approval of the Trustees and such additional conditions as may be prescribed by the Trustees;

(i)  Employees of Local Unions, District Council No. 35 or Employee Benefit Plans for whom contributions are made to the Fund;

(ii)  Supervisors or Superintendents who are employed by an individual Employer and who are members of a participating Local Union but who are not working in a category of work covered by a Collective Bargaining Agreement for whom contributions are made to the Fund;

(iii)  Other employees (exclusive of self employed persons) for whom contributions are made to the Fund.

Section 1.4  The term "International Union" means the International Brotherhood of Painters and Allied Trades, AFL-CIO.

Section 1.5  The term "District Council" means Painters

District Council No. 35.

Section 1.6    The term "Local Union" means any local union of the International Brotherhood of Painters and Allied Trades, AFL-CIO.

Section 1.7    The term "Signatory Association" means any employer organization, other than the Association, who executes this trust agreement or collective bargaining agreement on behalf of its members or executes on behalf of such members any agreement to be bound by the terms of this trust agreement or a written acceptance or authorization of this trust agreement.

Section 1.8    The term "Trustee" means any person designated as Trustee pursuant to Article IV hereof.

Section 1.9    The terms "Board of Trustees" or "Board" mean the Board of Trustees established by this Trust Agreement.

Section 1.10    The terms "Pension Fund" or "Fund" mean the trust fund created and established by this Trust Agreement.

Section 1.11    The terms "Pension Plan" or "Plan" mean the Pension Plan created pursuant to the collective bargaining agreements and this Trust Agreement and any modification, amendment, extension or renewal of said Plan.

Section 1.12    The term "Trust Agreement" means this agreement and any modification, amendment, extension or renewal thereof.

Section 1.13    The term "Investment Manager" shall mean any investment advisor, bank or insurance company appointed by the Trustees in accordance with the provisions of Section 5.4:

(i)    which has the power to manage, acquire or dispose of any asset of the Trust Fund;

(ii)  which is (A) registered as an investment advisor under the Investment Advisors Act of 1940; (B)  a bank, as defined in that Act; or (C) is an insurance company qualified to perform services described in subparagraph (i) under the laws of more than one State; and

(iii)  which has acknowledged in writing that it is a fiduciary, as defined in Section 3(21) of the Employee Retirement Income Security Act of 1974, with respect to the Trust Fund and any Plan maintained thereunder.

## ARTICLE II

### TRUST FUND

Section 2.1  There is hereby created the Painters District Council No. 35 Pension Fund which shall consist of all contributions by contributing employers, and all interest, income and other returns thereon of any kind, nature and description, and any other property received or held by reason of or pursuant to this Trust.

Section 2.2  The Board of Trustees shall have the continuing supervision, control and direction of the Fund for the uses and purposes set forth in this Trust Agreement and be vested with all right, title and interest to it.  The Fund shall be administered by the Board of Trustees for the exclusive benefit of employees and retired employees and the beneficiaries of such employees pursuant to the provisions of the Pension Plan.  Notwithstanding anything to the contrary contained in this Trust Agreement or in the Plan, any modification, amendment, extension or renewal hereof or of the

Plan, no portion of the Fund shall at any time revert to, or be recoverable by the Association, any Signatory Association, any Individual Employer, any Local Union or District Council or be used for, or diverted to, purposes other than for the exclusive benefit of employees, retired employees or their beneficiaries under the Plan, and the payment of reasonable administrative expenses of the Fund and the Plan.  It is intended that this Fund and Plan be a multi-employer plan as that term is defined in Section 37 of the Employee Retirement Income Security Act of 1974.

Section 2.3  Neither the Association, any Signatory Association, any Individual Employer, the Union, any Local Union, any employee, retired employee or beneficiary under the Pension Plan nor any other person shall have any right, title or interest in or to the Fund other than as specifically provided in this Trust Agreement or in the Pension Plan. Neither the Fund nor any contributors to the Fund shall be in any manner liable for or subject to the debts, contracts or liabilities of the Association, any Signatory Association, any Individual Employer, the Union, any Local Union, the District Council or any employee, retired employee or beneficiary.

Section 2.4  No employee, retired employee or any beneficiary shall have any right, title or interest in or to the Trust Fund or any part thereof, provided, however, that any employee who shall be covered by an insurance plan, or his beneficiaries under such plan, shall be entitled to the benefits in the forms and amounts and subject to the terms and conditions of such insurance plan and of this Trust; provided,

further, however, that the benefits shall be free from the interference and control of any creditor, and no benefits shall be subject to any assignment or other anticipation, nor subject to seizure or sale under any legal, equitable or any other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any participant or beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said participant or beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding, become payable, or be liable to become payable, to any person other than the participant or beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power to withhold payment of such benefit to such participant or beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees.  Until so cancelled or withdraw, the Trustees shall have the right to use and apply the benefits, as the Trustees may deem best, directly for the support and maintenance of such participant or beneficiary.

## ARTICLE III

### CONTRIBUTIONS TO THE FUND

Section 3.1  Each Individual Employer shall contribute to the Fund in accordance with terms of the applicable collective

-8-

bargaining agreement provided that said collective bargaining agreement contains provisions with respect to contributions to the Fund that are acceptable to the Trustees.  In the event that the Trustees determine that an Employer has made a contribution to the Fund as a result of a mistake of fact or law the Trustees may, in their discretion, return such contribution to the Employer.

Section 3.2  The Employers shall make all reports on contributions required by the Trustees on forms furnished by the Trustees.  The Trustees, or their authorized representatives, upon reasonable notice, may examine the pertinent payroll records of any Employer, including, but not limited to, all quarterly and yearly payroll tax returns, payroll listings, cash disbursements, time reports, individual earnings records and checks, whenever such examination is deemed necessary by the Trustees, or their authorized representatives, in connection with the proper administration of the Trust Fund.  The expense of such audit of an Employer's records shall be borne by the Trust Fund, unless the results of such audit disclose that the Employer has been delinquent in contributions to the Trust Fund, in which event the expense of audit may, under rules and regulations adopted by the Trustees, be charged against the Employer.  If the expense of audit charged against the Employer is not paid by the Employer within ten days after written notice from the Trustees, or their authorized representative, the Trustees may take action, including but not limited to proceedings at law and in equity, necessary to enforce payment of such audit expense, including

reasonable interest and an administration fee at such rates and in such amount as the Trustees may determine, and including all attorney's fees involved in collection of such audit expense, interest and administration fee.  In the event that the Trustees shall incur attorney's fees or other expenses in order to enforce the Trustees' right to audit the records of any Employer, such attorney's fees or other expense shall be charged against such Employer regardless of whether the Employer shall have been delinquent in contributions to the Trust Fund for the period of the audit.

Section 3.3  Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments.  In addition to any other remedies available to the Trustees, an Employer in default in payment of any contributions for ten (10) working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made together with all expenses of collection incurred by the Trustees, including attorney's fees and an administration fee in such amount as may be determined by the Trustees.  The Trustees may take any action necessary to enforce payment of such amounts due hereunder, including, but not limited to, proceedings at law or in equity or in bankruptcy, and the Employer shall be liable for all attorney's fees incurred in such proceedings, including proceedings to collect unpaid attorney's fees.