mentioned amounts. Non registration of work shall be considered a violation of this agreement.

(C.) All jobs registered with the UNION in each preceding period will be submitted to the ASSOCIATION.

SECTION 2. OVERTIME REGISTRATION

(A.) The Joint Trade Board hereby authorizes the UNION to automatically assess liquidated damages made to Joint Trade Board in cases on non- notification of overtime. Overtime notification may be made on the next working day in case of unexpected overtime scheduling except on weekend work.

(B.) If work is scheduled after 1:00 P.M. Friday, the UNION will provide a phone answering system which the Employer will be required to record weekend work on.

(C.) Failure to do so will subject the Employer to liquidated damages. Liquidated damages will be $150. first offense, $300. for the second offense, $500. for the third offense $750 for the fourth offense and $1,000 for the fifth offense thereafter the fine shall be $1,000 for each additional offense.

SECTION 3. PRE-JOB CONFERENCE

(A.) Any Glazing Employer, prior to starting work expecting to continue for more than five(5)man-days shall contact the Local Business Representative to discuss, but not limited to, the following type of work to be performed, manpower needs, schedule, utilization of contractor's work forces and other matters pertinent to the work, thus providing to all parties proper knowledge in order to perform said work, in an efficient, workmanlike manner.

## ARTICLE XIX
## JOINT TRADE BOARD

SECTION 1. MEMBERSHIP

There shall be a Joint Trade Board comprising six (6) members designated by the ASSOCIATION, and six (6) members designated by the UNION. The name of the Board shall be: New England (MA, ME, NH, VT) Painting, Finishing and Glazing DC 35 Joint Trade Board.

SECTION 2. INDEPENDENTS

When hearing a complaint against an independent signatory Employer, such Employer may, at its discretion, select to have an independent signatory Employer to sit in the place of an ASSOCIATION member on the Board.

SECTION 3. OFFICERS

The Board shall have a Chairman/Secretary and a Treasurer elected by the Board. When

the Chairman/Secretary is from the ASSOCIATION, the Treasurer shall be from the UNION and vice-versa.

SECTION 4. LIABILITY

No member of the Joint Trade Board shall be held liable by a party to this Agreement for any action that member takes within the scope of his duties as a member of the Joint Trade Board.

SECTION 5. AGREEMENT INTERPRETATION

All questions of interpretation of this Agreement and all grievances or complaints against members of either party to this Agreement, or independent signatory Employer for alleged violations of the same shall be heard and adjudicated by the Joint Trade Board.

SECTION 6. WORKERS COMPENSATION-FRAUDULENT CLAIMS

(A.) For the purposes of this provision, a "fraudulent claim" means a claim, which the claimant knew or reasonably should have known, is not a compensable claim under the law. Any allegation that an Employee working under the terms of this Agreement has brought a fraudulent claim may be presented to the Joint Trade Board.

(B.) In the event that the Joint Trade Board determines that there is reasonable cause to believe that a fraudulent claim has been made, it may schedule a hearing. After due notice to the parties, the Joint Trade Board shall hear the evidence and issue its decision.

(C.) In the event the Joint Trade Board determines that a fraudulent claim has been made, it shall have the authority to suspend the claimant from employment with any or all parties to this Agreement for a period up to six (6) months.

SECTION 7. OTHER DUTIES

The Joint Trade Board shall perform such other duties as may be prescribed by the Agreement.

SECTION 8. MEETING CALLED

It shall meet regularly once a month at the call of either of the parties hereto upon not less than forty-eight (48) hours' notice.

SECTION 9. QUORUM

Notwithstanding anything to the contrary, a quorum of the Joint Trade Board shall consist of not less than three (3) members from the ASSOCIATION and three (3) members from the UNION and in which case the decision of such number shall have the same force and effect as if the whole six (6) from the ASSOCIATION and the UNION had acted.

However when the Joint Trade Board is called into session on 48 hours' notice the quorum shall consist of no fewer than two members from the ASSOCIATION and two from the UNION.

SECTION 10. VOTING

When voting on a question, complaint or finding on any matter, the ASSOCIATION, (and any independent employer participating with the ASSOCIATION under ARTICLE XIX SECTION 2,) and the UNION shall each have equal votes irrespective of the number of representatives actually present and voting.

SECTION 11. DECISIONS BINDING

The decision and findings of the Joint Trade Board including any assessment of liquidated damages or any other remedy shall be final and binding upon the ASSOCIATION and the UNION and any independent signatory Employer. Decisions may be made retroactive. Such decisions and findings shall be final unless properly appealed in conformity with Article XX of this Agreement.

SECTION 12. SUB-COMMITTEES

The Joint Trade Board shall have the power to compose and to delegate one or more sub-committees consisting of an equal number of members of the ASSOCIATION and the UNION who need not be members of the Joint Trade Board to perform such duties for the Joint Trade Board as it may direct.

SECTION 13. RECORDS TO BE KEPT

Every Employer signatory to this Agreement shall keep accurate records of hours worked and monies paid as provided for in this Agreement, as well as copies of all reports required by this Agreement, for a period of three (3) years beyond the termination of the Agreement.

SECTION 14. POWER TO SUMMON

The Joint Trade Board shall have the power to summon before it and to question and examine any member of the ASSOCIATION or an Independent signatory contractor of the UNION. It shall have the power to require production of books, papers or other evidence it may deem necessary in deciding a case.

SECTION 15. COMPLAINTS IN WRITING

All complaints to the Joint Trade Board shall be in writing, stating the nature of the complaint.

## SECTION 16. FAILURE TO REACH DECISION

Upon failure of the Joint Trade Board to adjust a grievance or to agree on a decision or finding, the matter shall be submitted to an impartial arbitrator, (mutually acceptable to the UNION and the ASSOCIATION) within 72 hours, if petitioned to do so by either party to the complaint.

## SECTION 17. WORK CONTINUITY

There shall be no strike, lockout, and stoppage of work or other interference pending disposition of any matter by the Joint Trade Board or on appeal.

## SECTION 18. INCOME

The Joint Trade Board shall have authority to receive damages and Industry Betterment monies collected under the terms of this Agreement and authority to utilize the monies received to defray operation expenses and for other purposes. All damages assessed under the terms of this Agreement shall be paid to the Joint Trade Board or Trust Funds as previously designated.

Obligations incurred to pay damages under any portion of this Agreement of associated Trust Funds shall not terminate with the expiration of this Agreement or the prior Agreement.

## SECTION 19. EXPERIMENTS

In order to fulfill the above purposes, the Joint Trade Board shall have the authority to experiment with revisions to work rules, use of tools, spray and overtime Section of this Agreement in order to recapture repaint work and work being done non-union and to obtain jurisdiction of new products and processes in our industry. All experiments shall be carefully documented, and results made available to the ASSOCIATION and the UNION.

## SECTION 20. OFFICE AND STAFF

The Joint Trade Board shall establish an office and employ necessary clerical help to handle the necessary book work, statistical forms and records so that the Joint Trade Board will be well informed about its activities. It shall also provide a means for supplying such information to the respective signatory organizations.

## SECTION 21. RECORD OF AGREEMENT AND JOBS:

To insure uniform bipartisan administration of the Agreement, the UNION agrees to furnish to the ASSOCIATION every month a complete list of all collective bargaining agreements signed by the UNION and a complete list of all jobs registered including the registration number, the job, name and location and the Employers name and address.

## SECTION 22. TEMPORARY EMPLOYEES:

If both parties agree that a labor shortage exists, the Agreement shall be reopened to

authorize the Joint Trade Board to take whatever action it deems necessary to remedy the situation.

SECTION 23. PLEADINGS:

While lawyers are permitted to represent parties, it should be noted that the strict rules of evidence do not apply, and any written submission or memorandum must be submitted in duplicate five (5) calendar days in advance of the hearing to the Joint Trade Board. Post hearing briefs will not be accepted.

# ARTICLE XX
# APPEAL PROCEDURE AND COURT ENFORCEMENT

SECTION 1 BASIS FOR RECONSIDERATION BY THE BOARD AND DEADLINE FOR APPEAL

(A.) The Joint Trade Board will not reconsider any decision unless new evidence is found which could not have been produced with reasonable effort prior to the initial hearing.

(B.) New evidence must be provided to the Joint Trade Board in writing within ten (10) days of the receipt of the written decision of the Board, and whether to reconsider the initial decision shall be solely at the discretion of the Joint Trade Board.

(C.) Payment for any and all damages assessed by the Joint Trade Board must accompany any request for rehearing.

SECTION 2. APPEAL PROCEDURE AND DIVISION OF COST

(A.) If no new evidence is available, appeal may still be made to an impartial arbitrator appointed pursuant to the voluntary Labor Rules of the American Arbitration Association within the same ten (10) days referred to above. The proceedings before the impartial arbitrator shall be in the nature of an appeal and the decision of the Joint Trade Board shall be upheld unless clearly erroneous.

(B.) The parties to the appeal shall share equally the arbitrator's fees and the administrative and other expenses associated with the arbitration.

(C.) Each party shall bear its own costs in obtaining legal representative in connection with the appeal.

SECTION 3. STATEMENT OF GROUNDS FOR APPEAL AND DEADLINE FOR SUBMISSION

(A.) In order for the party desiring to commence an appeal in a timely manner, a written notice of the party's desire to appeal shall be delivered to the office of the Joint Trade Board, and be actually received by the Board within the same ten (10) days referred to above.

(B.) The appeal shall include a statement of the grounds for the appeal.

## SECTION 4. DEPOSIT TO ESCROW ACCOUNT REQUIRED

(A.) The party desiring to appeal must also deliver together with the notice of appeal all a) damages, b) interest, c) fees, and d) other amounts assessed in the disputed Award to the office of the Joint Trade Board, which amounts shall be held in an escrow account pending the final outcome of the proceeding.

(B.) In lieu of the full cash amount, the appealing party may furnish a bond in an equivalent amount from an A-rated Massachusetts company that is acceptable to the UNION and the Board in a form approved by the UNION and the Board.

## SECTION 5. BOARD'S AUTHORITY TO ACCEPT A LESSOR ESCROW DEPOSIT AND ACCEPTANCE OF BONDS

(A) The Joint Trade Board shall have the authority and complete discretion to agree to accept cash and/or a bond for less than the full amount assessed pending an appeal, but in no event shall that lesser amount be less than $20,000 regardless of the amounts at issue, unless the amount of the total damages and award is less than $20,000 in which case the full amount is required for an appeal.

(B) A party desiring to pay cash and/or furnish a bond for less than the full amount assessed must deliver to the office of the Joint Trade Board together with the notice of appeal, cash and/or a bond covering the first $20,000 and a written application, signed under penalties of perjury, requesting the Board to reduce the amount and stating, in detail, the reasons for the request.

## SECTION 6. DEFECTIVE NOTICE OF APPEAL

Notice of appeal received by the Joint Trade Board within the required ten (10) day period without both (a) the first $20,000 and (b) a proper request for a reduction of any additional amounts, shall not be deemed to have been timely filed, and the Joint Trade Board's initial Award shall be final and binding.

## SECTION 7. BOARD'S DECISION TO LOWER OR NOT LOWER ESCROW DEPOSIT IS FINAL

(A.) Upon written request to lower the amount of escrow deposit the decision of the Joint Trade Board, to lower, or not to lower, the amount of the cash and/or the bond that must be placed in escrow pending an appeal shall be final and shall not be subject to the appeal procedure.

(B.) Likewise, failure of the Board to agree to an application to reduce the amount of cash and/or bond that must be placed in escrow pending an appeal, shall not be subject to appeal procedure.

(C.) Following the Board's decision to deny a lower escrow: reduced cash or bond, the party desiring to appeal shall be required to forward in cash and/or bond the full amount initially Awarded to the Joint Trade Board for deposit in the escrow account, within ten